IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 5J OILFIELD SERVICES, LLC,<br>    Plaintiff,<br><br>v.<br><br>CHAD PECHA, MEREDITH BOYD, CPMB CONSULTING, LLC, AUTUMN R. ANDREIS, GARY A. ANDREIS, JR., AND ULTIMATE LANDSCAPING & CONTRACTING, LLC d/b/a/ ULC OIL & GAS FIELD SERVICES, LLC.<br>    Defendants. | 2:13-cv-283 |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is PLAINTIFF 5J OILFIELD SERVICES, LLC'S ("5J") MOTION TO PERMIT EXPEDITED DISCOVERY (Document No. 22), with brief in support. No attorney has entered an appearance on behalf of Defendants Pecha, Boyd or CPMB Consulting, LLC ("CPMB") and those Defendants have not responded to the motion.[1] Counsel for Defendants Autumn and Gary Andreis and Ultimate Landscaping and Contracting, LLC ("Ultimate Landscaping") (collectively, the "Ultimate Landscaping Defendants") filed a joint response and brief in opposition to the motion. Plaintiff ("5J") filed a reply brief and the motion is ripe for disposition. Also pending before the Court is PLAINTIFF, 5J OILFIELD SERVICES, LLC'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION (Document No. 3).[2]

---

[1] Pecha, Boyd and CPMB have been served.
[2] Although Judge Conti denied Plaintiff's motion for an ex parte temporary restraining order ("TRO"), she did not resolve Plaintiff's alternative request for a preliminary injunction ("PI").

Factual and Procedural Background

As an initial matter, several of the parties on both sides of this case are Limited Liability Companies ("LLC's"). The Complaint does not set forth the citizenship of the LLC's, which is determined by that of each of its members. If any one of the LLC members is another LLC, the chain is "traced through however many layers of partners or members there may be." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). The Complaint primarily asserts state law claims for breach of fiduciary duty, fraud, civil conspiracy, breach of duty of good faith and fair dealing, tortious interference with contract, business disparagement and usurpation of business opportunity. Federal question jurisdiction pursuant to 28 U.S.C. § 1331 is premised only on the RICO claims in Counts X-XIII. Plaintiff must supplement the record to reflect the citizenship of each LLC, so that the Court will know whether it has diversity jurisdiction over the state law claims and may evaluate whether or not to exercise supplemental jurisdiction over those claims.

Plaintiff 5J is in the business of contracting with oil companies to provide services such as transportation of equipment. Defendants Pecha and Boyd, until very recently, were employed by 5J as Terminal Manager and Vice President of Operations, respectively. On February 27, 2013, the date of the TRO proceeding before Judge Conti, Pecha and Boyd were fired. *See* RICO Case Statement at 15. CPMB is allegedly a company formed by Pecha and Boyd. Ultimate Landscaping is a subcontractor of 5J. Autumn and Gary Andreis are executives of Ultimate Landscaping.

Plaintiff alleges that Defendants engaged in a conspiracy to defraud it by inflating bills for services allegedly provided. The details of the alleged scheme are not fully described. Pecha and Boyd, in their respective positions at 5J, had authority to approve invoices from

subcontractors such as Ultimate Landscaping. In essence, 5J alleges that over an 18-month period Ultimate Landscaping paid Pecha and Boyd to approve inflated invoices and/or send pre-signed/pre-approved invoices which Ultimate Landscaping could use to insert unjustified charges. There are only two specific allegations regarding this scheme: (1) a check for $3,000 from Ultimate Landscaping to CPMB on April 30, 2011; and (2) an alleged telephone call in the Fall of 2011 in which Pecha and Boyd offered a payment of $2,000 to an unnamed 5J employee. Complaint ¶¶ 23, 25. 5J fears that its business will be harmed because inflated charges will be passed on to its customers and that Defendants will destroy documents to cover up the alleged fraud. However, these allegations are purely speculative and are unsupported by any facts regarding conduct since 2011.

On February 27, 2013 Judge Conti held an ex parte evidentiary hearing and argument and denied 5J's motion for a TRO. Judge Conti explained that Plaintiff had failed to demonstrate any irreparable harm to justify TRO relief and that 5J was essentially seeking to recover money damages while acknowledging that Pecha and Boyd were being fired. Nevertheless, Judge Conti entered a "preservation order" to prevent Defendants from destroying any documentation related to this case. This motion for expedited discovery followed.

Legal Analysis

Plaintiff 5J requests permission to engage in expedited discovery in an effort to develop the facts necessary to support its motion for preliminary injunctive relief. Although 5J characterizes its motion as merely preserving the status quo, the relief it seeks is not so limited. Specifically, Plaintiff suggests an aggressive schedule for exchange of initial disclosures, interrogatories and document requests, depositions, e-discovery, and unspecified third-party

discovery. In addition, Plaintiff seeks authorization for its forensic accountant "to have access to all of the Defendants' records relevant to their dealings with the Plaintiff."

The Ultimate Landscaping Defendants oppose expedited discovery and contend that Plaintiff has not alleged a cognizable claim. Defense counsel characterizes this as a "slap suit" and objects that Plaintiff has refused to provide the exhibit(s) which demonstrate the alleged fraud. Defendants also note that they are owed $1,500,000 by 5J for completed work and intend to pursue a counterclaim. Defendants contend that this litigation should proceed according to the standard rules of civil procedure and represent that they will preserve all records in the interim.

The Court recognizes that it has discretion to order expedited discovery. *See, e.g., Barbieri v. Wells Fargo & Co.*, 2012 WL 3089373 (E.D. Pa. 2012); Fed. R. Civ. P. 26(d), (f). However, it concludes that expedited discovery does not appear to be warranted under the facts and circumstances of this case.

As an initial matter, the Court has significant concerns regarding its subject-matter jurisdiction. The alleged fraudulent scheme has not been pled with any degree of particularity. *See* Fed. R. Civ. P. 9(b). Thus, the Complaint does not appear to meet the pleading standards for civil RICO claims. *See, e.g., In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300 (3d Cir. 2010); *Grant v. Turner*, 2012 WL 5928145 at *3 (3d Cir. Nov. 27, 2012) (Slip Copy). As noted above, the RICO claims are the only basis for federal question jurisdiction and the citizenship of the members of the LLC's is unknown, such that diversity jurisdiction may not exist. In sum, the Court is reluctant to authorize expedited discovery until the issues of subject-matter jurisdiction and whether Plaintiff has stated a valid federal claim have been resolved.

Moreover, the Court concludes that 5J has failed to demonstrate any irreparable harm or exigent circumstances. A "preservation order" is now in place. Pecha and Boyd, the former 5J

employees who were allegedly integral to the scheme, have been fired. Plaintiff has not explained why injunctive relief is necessary to prevent future harm to its business. There has been no showing of imminent harm. The only actions specifically pled in the Complaint (or referenced in the TRO/PI motion, RICO case statement, or TRO hearing) occurred in 2011. Thus, Plaintiff has not met the standard for obtaining injunctive relief, upon which the request for expedited discovery is predicated. *See, e.g., Barbieri*, 2012 WL 3089373 at *4 (bald legal accusations of fraud do not suffice to obtain expedited discovery).

Conclusion

In accordance with the foregoing, PLAINTIFF 5J OILFIELD SERVICES, LLC'S MOTION TO PERMIT EXPEDITED DISCOVERY (Document No. 22) and PLAINTIFF, 5J OILFIELD SERVICES, LLC'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION (Document No. 3) will be **DENIED WITHOUT PREJUDICE**.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **5J OILFIELD SERVICES, LLC,** <br> **Plaintiff,** <br><br> v <br> **CHAD PECHA, MEREDITH BOYD, CPMB CONSULTING, LLC, AUTUMN R. ANDREIS, GARY A. ANDREIS, JR., AND ULTIMATE LANDSCAPING & CONTRACTING, LLC d/b/a/ ULC OIL & GAS FIELD SERVICES, LLC.** <br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER OF COURT

AND NOW, this 22ND day of March 2013, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that PLAINTIFF 5J OILFIELD SERVICES, LLC'S MOTION TO PERMIT EXPEDITED DISCOVERY (Document No. 22) is **DENIED WITHOUT PREJUDICE;** and PLAINTIFF, 5J OILFIELD SERVICES, LLC'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION (Document No. 3) is **DENIED WITHOUT PREJUDICE.**

On or before April 1, 2013, Plaintiff shall supplement the record to reflect the citizenship of each LLC party.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Frank C. Botta**
Email: fbotta@eckertseamans.com
**Carolyn Batz McGee**
Email: cmcgee@eckertseamans.com
**William H. Difenderfer**
Email: DifenderferRothmanHaber@yahoo.com
**Brendan A. O'Donnell**
Email: bodonnell@smithbutzlaw.com
**Brian A. Lawton**
Email: blawton@smithbutzlaw.com
**John M. Smith**
Email: jmsmith@smithbutzlaw.com
**James R. Jeffries**
Email: jimmylaw_2002@yahoo.com