IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 5J OILFIELD SERVICES, LLC,<br>      Plaintiff,<br><br>  v.<br><br>CHAD PECHA, MEREDITH BOYD, CPMB CONSULTING, LLC, AUTUMN R. ANDREIS, GARY A. ANDREIS, JR., AND ULTIMATE LANDSCAPING & CONTRACTING, LLC d/b/a/ ULC OIL & GAS FIELD SERVICES, LLC.<br>      Defendants. | 2:13-cv-283 |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is the MOTION TO DISMISS COUNTS III, IV, V, VI, VIII, XII [and] XIII OF THE PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE RULES OF CIVIL PROCEDURE (ECF No. 42) filed by Defendants Gary Andreis and Ultimate Landscaping and Contracting, LLC d/b/a ULC Oil & Gas Field Services, LLC ("Ultimate Landscaping"), with brief in support. Plaintiff ("5J") filed a response in opposition and the motion is ripe for disposition.

Factual Background

The Court has considered the facts as pled in the Plaintiff's Amended Complaint (ECF No. 41) and the RICO Case Statement (ECF No. 27). *Reyes v. Zion First Nat. Bank*, 2012 WL 947139 at *1 & n.2 (E.D. Pa. 2012) (citations omitted). Plaintiff 5J is in the business of contracting with oil companies to provide services such as transportation of equipment. Defendants Chad Pecha and Meredith Boyd were formerly employed by 5J as Terminal Manager and Vice President of Operations, respectively. On February 27, 2013, Pecha and Boyd were terminated from employment. *See* RICO Case Statement at 15. CPMB Consulting, LLC

("CPMB") is allegedly a limited liability company ("LLC") formed by Pecha and Boyd.[1] Pecha, Boyd and CPMB will be collectively referenced as the "Former Employee Defendants."

Ultimate Landscaping is a subcontractor of 5J. Autumn and Gary Andreis are alleged to be executives of Ultimate Landscaping.[2] Autumn Andreis, Gary Andreis and Ultimate Landscaping will be referenced collectively as the "Ultimate Landscaping Defendants."

Plaintiff alleges that all of the Defendants engaged in a fraudulent conspiracy. Pecha and Boyd, in their respective positions at 5J, had authority to approve invoices for services from subcontractors such as Ultimate Landscaping. In essence, 5J alleges that from 2011-2013, the Ultimate Landscaping Defendants paid Pecha and Boyd kickbacks in exchange for approval of inflated invoices for services. CPMB was allegedly formed by Pecha and Boyd for the purpose of implementing the inflated invoices/kickbacks scheme. Plaintiff further alleges that Pecha pre-signed/pre-approved invoices which gave Ultimate Landscaping "the opportunity to later insert unsubstantiated charges." Plaintiff alleges a few specific manifestations of the scheme: (1) a check for $3,000 from Ultimate Landscaping to CPMB on April 30, 2011; (2) the purchase by Gary Andreis of two rifles and an ATV from Pecha for an alleged above-market price; (3) the purchase by Gary Andreis of a $4,500 lift for Boyd's Hummer vehicle; and (4) an alleged telephone call in the fall of 2011 in which Pecha and Boyd offered a "bribe" of $2,000 to an unnamed 5J employee to not reveal the scheme. Plaintiff also alleges that Ultimate Landscaping paid a continuous monthly payment of $5,000 to Pecha in return for guaranteed work, even if 5J equipment was available. 5J fears that its business will be harmed because inflated charges were allegedly passed on to its customers. Plaintiff avers that specific information regarding the

---

[1] The name of CPMB may reflect the initials of Chad Pecha and Meredith Boyd.
[2] Autumn Andreis has filed an Answer and avers that she is the wife of Gary Andreis; that she is not involved in the daily operations of Ultimate Landscaping; and that she is totally unaware that anything improper was being done.

scheme is in the knowledge and control of Defendants and that the amounts allegedly overpaid to the Ultimate Landscaping Defendants "are presently unknown."

Procedural Background

The instant motion arises in a unique procedural posture. On February 27, 2013, after an ex parte evidentiary hearing and argument, Judge Joy Flowers Conti denied 5J's motion for a temporary restraining order ("TRO"). On March 12, 2013 Plaintiff filed a RICO Case Statement. On March 22, 2013, this member of the Court denied without prejudice Plaintiff's motion for expedited discovery and motion for preliminary injunction ("PI") and required Plaintiff to state the citizenship of the LLC parties. Complete diversity of citizenship is lacking in this matter because Plaintiff 5J and Defendants Boyd and CPMB Consulting, LLC ("CPMB") are all citizens of Texas. ECF No. 34; *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (citizenship of an LLC is determined by that of each of its members).

On April 9, 2013, the Ultimate Landscaping Defendants filed a Motion to Dismiss the original Complaint. In lieu of a response to that motion, on April 26, 2013 Plaintiff filed an Amended Complaint which asserts primarily state law claims. Specifically, 5J seeks redress against various of the Defendants for: (Count I) breach of fiduciary duty; (Counts II-III) fraud; (Count IV) civil conspiracy; (Counts V-VI) breach of duty of good faith and fair dealing; (Counts VII-VIII) tortious interference with contract; (Count IX) business disparagement; and (Count X) usurpation of business opportunity. The Amended Complaint also asserts claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, as follows: (Count XI) RICO § 1962(c) against Pecha, Boyd and CPMB; (Count XII) RICO § 1962(c) against all Defendants; and (Count XIII) RICO § 1962(d) against all Defendants. The

3

Court has original subject-matter jurisdiction only as to the RICO claims, pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

The Ultimate Landscaping Defendants have renewed their Motion to Dismiss. No attorney has entered an appearance on behalf of Defendants Chad Pecha or CPMB and those Defendants have not participated in this case in any way.[3] Defendant Boyd, through counsel, filed a Motion to Dismiss the Amended Complaint (ECF No. 46), but subsequently withdrew the motion (ECF No. 50), and thus, has not responded to the Amended Complaint.[4] Autumn Andreis filed an Answer in which she denies that she is liable to 5J under any legal theory. With that background, the Court turns to the pending motion filed by Gary Andreis and Ultimate Landscaping.

Standard of Review

As an initial matter, Plaintiff has cited the outdated "any set of facts" test, which is no longer good law. A Motion to Dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a Motion to Dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v.*

---

[3] Pecha and CPMB were properly served with the original Complaint and summons, and Plaintiff has submitted a certificate of service of the Amended Complaint by mail. ECF No. 41. Such service would appear to comply with Fed. R. Civ. P. 5(b)(2)(C).
[4] Boyd contended that he and 5J have entered into a settlement agreement, which Boyd attached to the motion.

*Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a Motion to Dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a Motion to Dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and

"accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a Motion to Dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with

nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

Legal Analysis

Gary Andreis and Ultimate Landscaping seek dismissal of each of the seven counts of the Amended Complaint in which they are named as Defendants. In essence, these Defendants contend that 5J has made unsubstantiated charges without any factual support and has failed to plead the alleged conduct of these Defendants with specificity. Defendants suggest that 5J has filed a "slap suit" to avoid payment of the substantial debt which 5J allegedly owes to Ultimate Landscaping. In particular, Defendants point out that the alleged inflated invoices are in the possession of 5J, such that it cannot plausibly claim a lack of knowledge. Plaintiff contends that it has pled its claims with sufficient detail, although it does not address the elements of the claims as they relate to each Defendant.

### A. RICO Claims

The Court will address the RICO claims first, because they are the only claims in this action over which it has original jurisdiction. RICO § 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). To state a claim for a § 1962(c) violation, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Morales v. Superior Living Prods., LLC*, 398 Fed. Appx. 812, 814 (3d Cir. 2010) (*citing Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004)). To properly plead an "association-in-fact" enterprise, a plaintiff must plead facts plausibly implying the existence of an enterprise with the

following structural attributes: "a shared 'purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.'" *In re Insurance Brokerage Antitrust Litig.*, 618 F.3d 300, 370 (3d Cir. 2010) (citing *Boyle v. United States*, 556 U.S. 938 (2009)).

Because the alleged RICO violations asserted by 5J are based upon fraud, they must meet the stringent pleading standard of Fed. R. Civ. P. 9(b). The imposition of a heightened pleading requirement in fraud actions serves important objectives: "Rule 9(b)'s heightened pleading standard gives defendants notice of the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits brought solely to extract settlements." *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1418 (3d Cir. 1997).

As explained in *Wiatt v. Winston & Strawn LLP,* 838 F.Supp.2d 296, 319 (D.N.J. 2012): "Since Plaintiffs bring a fraud-based RICO claim, they must plead with particularity the circumstances of the alleged fraud by pleading the "date, place or time" or by "injecting precision and some measure of substantiation to their allegations." (*citing Lum*, 361 F.3d at 224). In *Silverstein v. Percudani,* 207 Fed. Appx. 238 (3d Cir. 2006), the Court affirmed dismissal of a RICO claim for lack of specificity:

> To satisfy the requirements of Rule 9(b), the plaintiff should plead the date, place or time of the fraud, and allege with specificity who made the relevant misrepresentations. *Lum*, 361 F.3d at 224. . . . For example, the complaint states that he responded to a "Why Rent" advertisement sometime in 1994, but does not explain what the advertisement stated. He alleges he met with "Percudani Defendants," but does not specify which of the Percudani Defendants he met with, on what dates, and what specific misrepresentations were made. The allegations against the Chase Defendants and Miller similarly lacked specificity. We thus agree with the District Court's decision to dismiss the RICO counts.

In sum, 5J must allege with particularity the specific conduct upon which the liability of each Defendant is based.

To properly plead the "conduct" element of a RICO § 1962(c) claim, 5J must plead how each Defendant has "some part in directing those affairs." *Wiatt,* 838 F.Supp.2d at 319 (*citing Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993)). As the *Wiatt* Court explained: "The Supreme Court has explicitly stated that "one is not liable under [§ 1962(c)] unless one has participated in the operation or management of the enterprise itself." *Id*. (*citing Reves*, 507 U.S. at 183). In *Wiatt*, the Court dismissed a RICO claim because the plaintiff had failed to allege with particularity the circumstances under which a defendant law firm, independently of one of its attorneys, engaged in the alleged fraud-based predicate acts or otherwise participated in the operation or management of the alleged enterprise. *Id*. at 320.

In this case, the alleged RICO "enterprise" is CPMB.[5] Amended Complaint ¶ 125. 5J pled that Pecha and Boyd formed CPMB and constitute the members of that LLC. RICO Case Statement; Amended Complaint ¶ 8. By contrast, 5J merely alleges conclusorily that Autumn Andreis, Gary Andreis and Ultimate Landscaping "are employed by or associated with the enterprise." Amended Complaint ¶ 125. There are simply no allegations – let alone those sufficient to meet the particularity standard of Rule 9(b) –to show how any of the Ultimate Landscaping Defendants may have directed the affairs of CPMB or of the alleged "association in fact" or otherwise managed or operated the enterprise. It is instructive that Count XI of the Amended Complaint asserts a parallel RICO § 1962(c) claim, but names only Pecha, Boyd and CPMB as Defendants.[6] The Ultimate Landscaping Defendants cannot be swept into the alleged

---

[5] Plaintiff also conclusorily alleges that the enterprise was an "association in fact" of all named Defendants, but pleads no underlying factual support for this theory.

[6] The Court does not reach the question of whether Count XI states a valid claim.

RICO scheme with only bald, conclusory allegations. In summary, the Court concludes that Count XII of the Amended Complaint fails to plead a cognizable RICO § 1962(c) claim against any of the Ultimate Landscaping Defendants.

RICO § 1962(d) makes it unlawful "for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." Because 5J has failed to state a valid claim under § 1962(c), it cannot maintain a claim under § 1962(d) against the Ultimate Landscaping Defendants. *Id.* (*citing Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993)) ("Any claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient."). Thus, Count XIII will be dismissed as to the Ultimate Landscaping Defendants.

The shortcomings of the RICO claims in the Amended Complaint apply equally to Autumn Andreis. Indeed, the vague and conclusory nature of 5J's allegations is starkly illustrated. There is no way to discern from the pleading that Autumn Andreis is not an entirely uninvolved spouse (as she avers.) There are simply no facts in the Amended Complaint as to what she allegedly did. Plaintiff has had a full opportunity to respond to the arguments regarding the lack of particularity and has had two opportunities to attempt to plead cognizable claims. Therefore, the RICO claims will also be dismissed as to Autumn Andreis, even though her counsel filed an Answer. *See, e.g., In re Phar-Mor, Inc. Securities Litigation,* 900 F.Supp. 777 (W.D. Pa. 1994) (dismissing RICO claim against similarly situated co-defendant sua sponte); *Taylor v. Acxiom Corp.*, 612 F.3d 325, 340 (5th Cir. 2010) (affirming dismissal sua sponte where plaintiffs made the same allegations against multiple defendants); Fed. R. Civ. P. 12(h)(2) (defense of failure to state a claim may be raised in an Answer). Accordingly, Counts XII and XIII will be dismissed as to each of the Ultimate Landscaping Defendants.

B. Supplemental State Law Claims

Jurisdiction over supplemental state law claims is governed by 28 U.S.C. § 1367(a), which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, the Court has discretion to decline to exercise supplemental jurisdiction, if it "has dismissed all claims over which it has original jurisdiction," or if "in exceptional circumstances, there are compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(3), (4). As to (c)(3), "the district court *must* decline to decide the pendant state claims unless considerations of judicial economy, convenience and fairness to the parties provide an affirmative justification for [exercising supplemental jurisdiction]." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original). As to (c)(4), a court must evaluate "economy, convenience, fairness, and comity." *Mathis v. Camden County*, 2009 WL 4667094 at *9 (D.N.J. 2009).

As noted above, the procedural status of this case is quite odd. The docket reflects that the Ultimate Landscaping Defendants are the only parties to have responded to the Amended Complaint. Pecha and CPMB have not participated in this case in any way and Boyd avers that he has reached a settlement agreement with 5J. Thus, it is unclear at this juncture whether or not this federal action will proceed against the Former Employee Defendants. At this time, diversity jurisdiction does not exist and the Court has dismissed all of the claims against the Ultimate Landscaping Defendants over which it has federal question jurisdiction. State law claims predominate and the case is in its initial stages. Under these circumstances, the Court concludes that considerations of judicial economy, convenience, fairness to the parties and comity do not weigh in favor of exercising supplemental jurisdiction over the state law claims against the

Ultimate Landscaping Defendants. *See Silverstein,* 207 Fed. Appx. at 238 (affirming dismissal of RICO claims and decline of supplemental jurisdiction over state law claims); *Bangura v. City of Philadelphia*, 2007 WL 3376676 (E.D. Pa. 2007) (declining to exercise supplemental jurisdiction and dismissing party even though case continued against other defendants). The Ultimate Landscaping Defendants will be removed as parties and the caption will be amended accordingly.

Conclusion

In accordance with the foregoing, the MOTION TO DISMISS COUNTS III, IV, V, VI, VIII, XII, XIII OF THE PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE RULES OF CIVIL PROCEDURE (ECF No. 42) will be **GRANTED**. The Court will dismiss the RICO claims in Counts XII and XIII as to Autumn Andreis, Gary Andreis and Ultimate Landscaping and will decline to exercise supplemental jurisdiction over Counts III, IV, V, VI and VIII as to those Defendants. Plaintiff will be required to inform the Court of the status of its claims against the Former Employee Defendants.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **5J OILFIELD SERVICES, LLC,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | 2:13-cv-283 |
| **CHAD PECHA, MEREDITH BOYD, CPMB CONSULTING, LLC, AUTUMN R. ANDREIS, GARY A. ANDREIS, JR., AND ULTIMATE LANDSCAPING & CONTRACTING, LLC d/b/a/ ULC OIL & GAS FIELD SERVICES, LLC.** | ) | |
| Defendants. | ) | |

## ORDER OF COURT

AND NOW, this 9th day of July 2013, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the MOTION TO DISMISS COUNTS III, IV, V, VI, VIII, XII, XIII OF THE PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE RULES OF CIVIL PROCEDURE (ECF No. 42) is **GRANTED,** as follows**:** (1) the RICO claims in Counts XII and XIII are **DISMISSED** as to Autumn Andreis, Gary Andreis and Ultimate Landscaping; and (2) the Court declines to exercise supplemental jurisdiction over Counts III, IV, V, VI and VIII as to those Defendants. Autumn Andreis, Gary Andreis and Ultimate Landscaping are hereby dismissed as parties to this action and the caption is hereby amended to read as follows:

| | | |
|---|---|---|
| **5J OILFIELD SERVICES, LLC,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:13-cv-283 |
| **CHAD PECHA, MEREDITH BOYD, and CPMB CONSULTING, LLC,** | ) | |
| Defendants. | ) | |

On or before July 19, 2013, Plaintiff shall submit a report to the Court as to the status of its claims against the Former Employee Defendants.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Frank C. Botta**
Email: fbotta@eckertseamans.com
**Carolyn Batz McGee**
Email: cmcgee@eckertseamans.com
**William H. Difenderfer**
Email: DifenderferRothmanHaber@yahoo.com
**Brendan A. O'Donnell**
Email: bodonnell@smithbutzlaw.com
**Brian A. Lawton**
Email: blawton@smithbutzlaw.com
**John M. Smith**
Email: jmsmith@smithbutzlaw.com
**James R. Jeffries**
Email: jimmylaw_2002@yahoo.com